UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASHANJOT SINGH Mr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00542-JRS-MKK |
| | ) | |
| BRISON SWEARINGEN Sheriff, Clay County Jail, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Jashanjot Singh petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Jail, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court grants Mr. Singh's petition and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Singh is an Indian native and citizen. He entered the United States without inspection in January 2024. Border Patrol agents apprehended him near the border. The government initiated a removal proceeding but, rather than detain Mr. Singh, released him on an order of recognizance (OREC). Dkt. 1 ¶¶ 30–31; dkt. 1-3.[1]

On July 28, 2026, an immigration judge denied Mr. Singh's asylum application and ordered him removed to India. Dkt. 1 ¶ 33. Mr. Singh has appealed that determination. *Id.* There is no indication that the removal order is administratively final.

[1] Respondents have not tendered any administrative records or otherwise opposed the factual assertions in Mr. Singh's petition, so the Court accepts them as true.

On July 29, ICE officials detained Mr. Singh during a routine check-in. *Id.* ¶ 34. He has been in ICE custody since July 29 and remains detained at the Clay County Jail. He has neither received nor requested an administrative bond hearing.

**II. Analysis**

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Singh argues that his continued detention is unlawful for multiple reasons, including that his continued detention without consideration of bond violates the Immigration and Nationality Act (INA), its regulations, the Administrative Procedure Act (APA), and the Fifth Amendment's Due Process clause.

The day after Mr. Singh filed his petition, the Seventh Circuit decided *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026) (7th Cir. 2026). In *Cirrus Rojas*, the Seventh Circuit determined that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Singh who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 7 at 2. Thus, it is undisputed that Mr. Singh is entitled to habeas relief at least insofar as he is eligible for a bond hearing.

## III. Scope of Relief

Mr. Singh requests immediate release from custody, which is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Singh is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Singh's custody is not unlawful for the reason that the government lacks authority to detain him; it is unlawful only to the extent he has been deprived of the bond hearing that the law requires.

## IV. Additional Claims

Because the Court has found that Mr. Singh's detention violates the INA, it need not reach his claims under the APA,[2] the bond regulations, and the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

The Court does also not reach Mr. Singh's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. The Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered

[2] Mr. Singh's APA claim echoes his INA claim by asserting that he was wrongfully detained "categorically," *i.e.*, under § 1225(b)(2)(A)'s mandatory detention provision. Dkt. 1 ¶¶ 53–58. Therefore, the Court finds no basis for granting Mr. Singh different or greater relief under the APA than the bond hearing he receives under the INA.

in unison.[3] Section 1226 is silent as to the burden of proof, so Mr. Singh's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Singh's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, Respondents ask the Court to dismiss this action and direct Mr. Singh to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Singh.

---

[3] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

## V. Conclusion

The Court grants the petition to the extent that **no later ten days from the date of this order**,[4] Respondents must either: (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Singh from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Singh with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Singh's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 09/24/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Afshan Jabeen Khan
Law Office of Afshan J Khan
ajkhanesq@gmail.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

[4] The parties may modify this deadline by agreement without need for Court involvement.

Gina M. Shields
DOJ-USAO
Gina.Shields@usdoj.gov